# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 14, 2003 Session

## STATE OF TENNESSEE v. DERRICK L. DILLARD

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5795     Robert E. Burch, Judge**

---

**No. M2002-03089-CCA-R3-CD - Filed January 16, 2004**

---

Defendant, Derrick L. Dillard, argues in this appeal that the trial court erred by imposing an illegal sentence following a hearing in which the trial court found that Defendant had violated the terms and conditions of his Community Corrections sentence. The State agrees that the trial court erred. After a full review of the record, we reverse the judgment of the trial court and remand for entry of an order consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**
**and Remanded for Entry of an Amended Judgment**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee, (on appeal) and William Bradley Lockert, III, District Public Defender; C. Wade Bobo, Assistant Public Defender; and Christopher L. Young, Assistant Public Defender, (at trial) for the appellant, Derrick L. Dillard.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Helena Walton Yarbrough, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following the entry of pleas of *nolo contendere* to misdemeanor theft and multiple counts of Class E felony forgery, Defendant was found guilty of these offenses and sentenced to an effective sentence of four years, eleven months, and twenty-nine days. Defendant was sentenced to serve the entire sentence in the Community Corrections program. Within a few months, a Community Corrections violation warrant was issued. At the violation hearing, Francis Wade, a Community

1

Corrections officer, testified that Defendant violated several rules of Community Corrections. Defendant moved away from his assigned residence with his grandparents without first obtaining the permission of his case officer. He failed to report to his case officer twice per week as required by his Community Corrections sentence. He also refused to submit to random supervised drug screens. Defendant visited the Community Corrections office on May 30, 2002, having already been informed that he would be required to submit to a random drug test. He left without permission and without submitting to the drug test.

Defendant testified that in one fell swoop he was ordered by his grandparents to move, he lost his ride to work, and therefore lost his job. He testified that he attempted to contact his case officer by paging her, but the case officer never returned his pages.

Regarding the failure to submit to a scheduled drug test, Defendant stated that he left the Community Corrections office before submitting to the test because his child was sick, and Defendant was in possession of the child's insurance card. Defendant claimed that he attempted to get the attention of his case officer to advise her of the situation, but was unable to do so because the case officer was meeting with other clients. He claimed that he did not call the case officer from his daughter's home to advise her of the situation because he "wasn't thinking clearly."

Following the violation hearing, the trial court found Defendant to be not credible:

THE COURT: The Court finds that [Defendant] is in violation of the terms and conditions of his Community Corrections.

The story concerning leaving the appointment prior to the drug screen, Mr. Dillard [Defendant], on the way back up to the jail look around the square and see if you find the turnip truck that you think I came to town on.

This Court sentences you to eighteen months day for day in the county workhouse. After you have completed eighteen months day for day you will be placed back out on Community Corrections, level one supervision, house arrest. You mess up again and I'll give you another one.

Not surprisingly, Defendant does not contest the trial court's finding that he violated the terms and conditions of his Community Corrections sentence. Defendant argues, however, that the sentence of eighteen months incarceration was improper. We agree. Accordingly, we reverse and remand this case for entry of an order consistent with this opinion.

In the order entered following the hearing, the trial court did not revoke the sentence of Community Corrections, but specifically found that Defendant was in violation of the terms and conditions of his Community Corrections sentence and ordered him to serve eighteen months "day

2

for day" in the county jail, following which, he would be returned to serve his sentence in the Community Corrections, at Level 1 supervision.

When a trial court finds a defendant to be in violation of the terms and conditions of his Community Corrections sentence, the trial court may allow the defendant to continue to serve the sentence in the Community Corrections program, but impose, as a condition thereof, a period of incarceration. *State v. Tim Mattingly*, No. M2002-02765-CCA-R3-CD, 2003 WL 22038777, 2003 Tenn. Crim. App. LEXIS 754 (Tenn. Crim. App. at Nashville, filed Sept. 2, 2003), *no perm. to app. filed*. Tennessee Code Annotated section 40-36-106(e)(2) states that the trial court "shall retain the authority to alter or amend at any time the length, terms, or conditions" of the Community Corrections sentence imposed. If incarceration is imposed as a condition of continuing in the Community Corrections sentence, however, the period of confinement may not exceed one year. *State v. Jimmy D. Johnson*, No. 03C01-9602-CC-00062, 1997 WL 634532, 1997 Tenn. Crim. App. LEXIS 1037 (Tenn. Crim. App. at Knoxville, filed Oct. 16, 1997), *no perm. to appeal filed*.

Accordingly, the trial court could not impose incarceration of more than one year in this case. Furthermore, Defendant is entitled to earn good conduct credits and/or authorized work credit if he received a sentence of incarceration in the county jail as a part of his Community Corrections sentence. *State v. Alicia Tharpe*, No. M2002-00992-CCA-MR3-CD, 2003 WL 1787296, 2003 Tenn. Crim. App. LEXIS 306 (Tenn. Crim. App. at Nashville, filed Apr. 4, 2003), *perm. to app. denied* (Tenn. 2003). While *Tharpe* involves a sentence of split-confinement followed by probation, we see no distinction between that case and cases in which the defendant is given "shock incarceration" as part of a Community Corrections sentence.

## CONCLUSION

For the reasons stated herein, the judgment of the trial court is reversed, and this case is remanded for entry of an amended judgment ordering Defendant to serve one year in the county jail, and then returned to serving his sentence on Community Corrections at Level 1 supervision.

_____
THOMAS T. WOODALL, JUDGE

3